**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MEDLINE INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **20 CV 4424** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cummings** |
| | ) | |
| **WYPETECH, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are defendant Wypetech, LLC's motion for sanctions and to compel answers to Rule 30(b)(6) deposition questions and request for expedited briefing (Dckt. #130), Wypetech's renewed motion to compel and for sanctions for failure to comply with court orders regarding Rule 30(b)(6) topic no. 15 statement (Dckt. #123), and plaintiff Medline Industries, Inc.'s motion to require immediate scheduling of renewed Rule 30(b)(6) deposition (Dckt. #190).

For the reasons stated below, Wypetech's motion for sanctions is granted and Medline is ordered to pay the attorney's fees and costs that Wypetech has incurred in filing its sanction motion and will incur in connection with taking the next session of Medline's Rule 30(b)(6) deposition. Wypetech's renewed motion to compel and for sanctions is granted in part and denied in part. Medline is ordered to furnish a witness at the continued Rule 30(b)(6) deposition who is prepared to answer Wypetech's remaining questions concerning the meaning of the documents identified by Medline as the "Original Topic 15 Chart" and the "Updated Topic 15 Chart" as well as to respond to reasonably related follow up questions. Finally, Medline's

1

motion to require immediate scheduling of the next session of its Rule 30(b)(6) deposition is denied.

**A.  Wypetech's motion for sanctions and to compel answers to Rule 30(b)(6) deposition questions**

Wypetech seeks sanctions and to compel answers to Rule 30(b)(6) questions based on its assertions that attorney Daniel Lynch, who defended Medline's Rule 30(b)(6) deposition, improperly instructed Medline's witnesses not to answer questions on over thirty occasions and coached Medline's witnesses under the guise of "preparing them" while questions were pending.[1]  (*See* Dckt. #130 at 4-9, citing examples of the conduct complained of).  To remedy the situation, Wypetech seeks an order requiring that: (1) the Rule 30(b)(6) deposition be continued with instructions that the witnesses must answer all questions that do not seek privileged information and logical follow-up questions; (2) the witnesses answer questions regarding any deposition preparation that took place since the first session occurred; (3) the deposition be defended by a Medline attorney other than Mr. Lynch; (4) Medline's counsel be limited to form objections and issue instructions not to answer only where necessary to preserve a privilege; and (5) Medline pay to Wypetech the attorney's fees and costs it incurred in connection with this motion and with the second session of Medline's Rule 30(b)(6) deposition.

---

[1] Wypetech also asserts that Mr. Lynch engaged in obstructive and improper misconduct during other depositions.  (*See* Dckt. #130 at 9-13).  Medline, which has responded to Wypetech's motion, seeks leave to file a supplemental response before the Court rules to provide the Court with the full context of what took place during these depositions.  (Dckt. #158 at 10-11).  Medline's request is denied for three reasons.  First, Wypetech is not seeking any relief with respect to the alleged conduct in the other depositions.  (Dckt. #173 at 10).  Second, the Court has reviewed the transcript of the entire Rule 30(b)(6) deposition so it has the complete context of what took place during that deposition.  Finally, the legal principles concerning the disputed conduct during the Rule 30(b)(6) deposition are clear and further briefing on the point would be superfluous.  That said, the Court admonishes counsel that they would be well-advised to steer clear of the sort of conduct that allegedly took place in the other depositions regardless of how much friction has arisen between them.

In its response, Medline does not dispute that Mr. Lynch repeatedly instructed Medline's witnesses not to answer questions and that he called for breaks between questions so that he could confer with the witnesses outside of Wypetech's presence. Medline instead stresses the degree to which it prepared its corporate witnesses and seeks to justify this conduct by asserting that its counsel merely "sought to find ways to get Defendant the information it sought" when "questions veered into topics for which Medline had not and reasonably could not have prepared its corporate witnesses." (Dckt. #158 at 1). Medline further asserts that its "counsel's instructions not to answer (and counsel's offer to educate witnesses) . . . were hardly sinister or improper, but [were] merely efforts to solve issues created by good faith disagreements about the scope of Defendant's Rule 30(b)(6) notice." (Dckt. #158 at 1). Finally, Medline points to Wypetech's rejection of its offer to present its corporate witnesses on the unanswered questions as evidence that Wypetech's sanctions motion is nothing more than "improper gamesmanship." (Dckt. #158 at 9).

### 1.    Mr. Lynch improperly instructed Medline's witnesses not to answer questions in violation of Rule 30(c)(2)

The limited circumstances under which an attorney may instruct a witness not to answer a question during a deposition are specified by Rule 30(c)(2), which provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[2]  *See, e.g., Redwood v. Dodson,* 476 F.3d 462, 468 (7th Cir. 2007); *LM Ins. Corp. v. ACEO, Inc.,* 275 F.R.D. 490, 491 (N.D.Ill. 2011) ("Of course, overt instructions to a witness not to answer a question are improper absent a claim of privilege."); *Jokich v. Rush Univ. Med. Ctr.,* No. 18 C 7885, 2020 WL

---

[2] Under Rule 30(d)(3), "the deponent or a party may move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

2098060, at *2 (N.D.Ill. May 1, 2020); *Medline Indus. v. Lizzo*, No. 08 C 5867, 2009 WL 3242299, at *4 (N.D.Ill. Oct. 6, 2009).

Aside from one occasion where he instructed Medline's witness not to answer a question based on a claim of attorney client privilege (Dckt. #130-3 at 89), Mr. Lynch did not instruct Medline's witnesses not to answer questions for any of the reasons specified by Rule 30(c)(2). Instead, Mr. Lynch repeatedly instructed Medline's corporate witnesses not to answer questions on the ground that the questions were beyond the scope of Wypetech's Rule 30(b)(6) deposition notice. (*See* Dckt. #130 at 4-5, citing examples). The parties dispute whether Wypetech's questions, in fact, strayed beyond the scope of Wypetech's Rule 30(b)(6) notice as well as whether Wypetech questioned each particular corporate witness about only the topics that he or she was designated to cover.

Even if Medline were correct about these disputes (and this Court does not find that it was), it would not matter because "courts addressing depositions of corporate representatives designated pursuant to Rule 30(b)(6) have almost uniformly agreed that the scope of a Rule 30(b)(6) deposition is not limited to the topics listed in the Rule 30(b)(6) notice." *Rivas v. Greyhound Lines, Inc.*, No. EP-14-CV-166-DB, 2015 WL 13710124, at *4 (W.D.Tex. Apr. 27, 2015) (citing numerous cases to this effect); *First Fin. Bank, N.A. v. Bauknecht*, No. 12 C 1509, 2014 WL 949640, at *3 (C.D.Ill. Mar. 11, 2014) (noting that "all district courts" since 1995 have "conclude[d] that any relevant questions can be asked during a Rule 30(b)(6) deposition, not just matters listed in the notice of deposition").[3] Consequently, courts have "uniformly held that

---

[3] In its response, Medline – with reference to *Bauknecht* – acknowledges that "it may be permissible to ask a 30(b)(6) witness an off-topic question." (Dckt. #158 at 8). Nonetheless, Medline seeks to distinguish *Bauknecht* because the witness in that case – unlike its corporate representative Deb Coligado – was not scheduled for a personal deposition three days later and Medline implies that Wypetech's alleged off-topic questions should have been asked when Ms. Coligado was deposed in her personal capacity. (Dckt. #158 at 8). No court has carved such an exception into the general rule permitting *all*

instructing a deponent not to answer a question on Rule 30(b)(6) grounds is improper" because "nothing in Rule 30(c)(2) . . . states that such instructions can be given solely because questioning goes beyond the matters in the Rule 30(b)(6) notice." *Rivas*, 2015 WL 13710124, at *6 (citing cases). Accordingly, Mr. Lynch's repeated instructions to Medline witnesses that they were not to answer questions that he deemed to be beyond the scope of the deposition notice were improper.

### 2. Mr. Lynch's action in taking breaks to "educate" Medline's witnesses before they answered pending questions was improper

Medline expended considerable effort to prepare its corporate representatives for the Rule 30(b)(6) deposition. (*See* Dckt. #158 at 2-3, describing Medline's preparation). Such efforts are required by Rule 30(b)(6).[4] Notwithstanding Medline's pre-deposition preparation, Mr. Lynch repeatedly interrupted after questions were asked for the avowed purpose of "educating" Medline's witnesses before they answered the questions during Medline's Rule 30(b)(6) deposition. (*See* Dckt. #130 at 6-9, citing examples). These educational sessions typically took place during breaks. A revealing example is as follows:

Q. Does - - does Medline contend in this lawsuit that Wypetech is bound by the terms of this contract as of today?

A. I would still need to educate myself on those facts. I –

Mr. Lynch: Okay.

---

relevant questions to be asked during a Rule 30(b)(6) deposition and this Court will not do so here. If Medline believed that any of the questions were outside the realm of the noticed topics, it could have designated Ms. Coliagdo's answers to those questions as testimony in her personal capacity rather than as a corporate representative. *See, e.g., Bauknecht*, 2014 WL 949640, at *3.

[4] *See, e.g., Aldridge v. Lake Cty. Sheriff's Office*, No. 11 C 3041, 2012 WL 3023340, at *4 (N.D.Ill. July 24, 2012) (Under Rule 30(b)(6), a corporation is obligated to make a good faith effort to designate persons with knowledge on the designated topics and to prepare those persons in order that they can answer fully, completely, and unevasively the questions posed by the deposing party.). The Court notes that Wypetech does not contend that Medline inadequately prepared its corporate representatives.

| | |
|---|---|
| The Witness: | - - may know, but I have to double-check. |
| Mr. Lynch: | Then let me go educate the witness. |
| Mr. McAlenan: | No. Look - - |
| Mr. Lynch: | I'm sorry. We're taking a break, and I'm going to educate the witness. |
| Mr. McAleen: | This is coaching. This is - - |
| Mr. Lynch: | You're so wrong. You're so wrong. |
| Mr. McAleenan: | No, I'm not. |
| Mr. Lynch: | Come on. |
| Mr. McAleenan: | I'm putting this on the record. |
| Mr. Lynch: | Come on. Put whatever you want on the record. |
| Mr. McAleenan: | This is coaching, and I object to this. |
| Mr. Lynch: | I know. You object. I know. I'm scared. |
| The Videographer: | We're off the record at 5:35 p.m. |
| | (A recess was had from 5:35 p.m. CST until 5:43 p.m. CST.) |
| The Videographer: | The time is 5:43, and we're now back on the record. |
| Mr. McAleenan: | First, just for the record again, we object to this practice of taking the - - |
| Mr. Lynch: | I - - |
| Mr. McAleenan: | - - witness out with a pending question - - |
| Mr. Lynch: | I know you object, but - - |
| Mr. McAleenan: | - - to talk to her. So I'm just going - - |
| Mr. Lynch: | I know - - |
| Mr. McAleenan: | - - to state it on the record again. |

| Mr. Lynch: | I know you object but you don't understand 30(b)(6), respectfully. I mean - - |
|---|---|
| Mr. McAleenan: | So - - |
| Mr. Lynch: | - - I'm very confident that I'm correct about the - - about what 30(b)(6) is about. |
| Mr. McAleenan: | Okay. |

(Dckt. #130-3 at 88-89).

As it turns out, Mr. Lynch is incorrect. An attorney's duty to prepare corporate representatives for a Rule 30(b)(6) deposition (or to prepare any witness for a deposition for that matter) takes place *before* the deposition begins. *See Hall v. Clifton Precision*, 150 F.R.D. 525, 529 (E.D.Pa. 1993). "Once the deposition has begun, the preparation period is over," *id.*, and "the right to counsel is somewhat tempered by the underlying goal of our discovery rules: getting to the truth." *Vnuk v. Berwick Hosp. Co.*, No. 3:14-CV-01432, 2016 WL 907714, at *3 (M.D.Pa. Mar. 2, 2016). To this end, "a questioning attorney is entitled to have the witness, and the witness alone, answer questions" during a deposition. *Eid v. Greyhound Lines, Inc.*, No. 04 C 3220, 2005 WL 8178347, at *4 (N.D.Ill. July 12, 2005) (internal quotation marks omitted); *Vnuk*, 2016 WL 907714, at *3 ("There is no proper need for the witness's own lawyer to . . . help[] the witness formulate answers."); *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086-AWI-SM, 2009 WL 3872043, at *4 (E.D.Cal. Nov. 17, 2009) (same).

Furthermore, courts have uniformly held that an attorney has no right to confer with his or her client while a deposition question is pending for the purpose of helping the client to formulate their answer to the question. *LM Ins. Corp.*, 275 F.R.D. at 491 (citing cases); *Cordova v. United States*, No. CIV.05 563 JB/LFG, 2006 WL 4109659, at *4 (D.N.M. July 30, 2006) (citing cases); *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 621 (D.Nev. 1998). "If the

7

deponent lacks knowledge or understanding, then the deponent should say so, [and] not seek understanding or direction about how to answer the question from his or her attorney." *In re Stratosphere Corp.*, 182 F.R.D. at 621. If a designated corporate representative lacks knowledge to answer a question during a Rule 30(b)(6) deposition, then the corporate entity must designate an additional witness with knowledge. *See Beloit Liquidating Tr. v. Century Indem. Co.*, No. 02 C 50037, 2003 WL 355743, at *3 (N.D.Ill. Feb. 13, 2003). Counsel for the corporate party cannot step in to fill a witness's head with knowledge that is otherwise lacking.

Medline has cited no authority to support the notion that its counsel was entitled to educate its Rule 30(b)(6) witnesses in the course of the deposition during breaks while questions were pending. Nor has the Court uncovered any such authority in its research. The law is clear: Mr. Lynch's actions in this regard were improper.

### 3. Rule 30(d)(2) allows for the imposition of sanctions

"Rule 30(d)(2) authorizes courts to impose appropriate sanctions on any person who impedes, delays, or frustrates the fair examination of the deponent." *Sec. Nat. Bank of Sioux City, IA v. Jones Day*, 800 F.3d 936, 942 (8th Cir. 2015) (internal quotation marks omitted); *Jokich*, 2020 WL 2098060, at *2; *Medline*, 2009 WL 3242299, at *4. "This rule is meant to authorize courts to 'impose the costs resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction.'" *United States v. All Assets Held at Bank Julius Beer & Co., Ltd.*, No. CV 04-798 (PLF/GMH), 2017 WL 4183450, at *5 (D.D.C. Sept. 20, 2017), *quoting* Fed.R.Civ.P. 30(d)(2) advisory committee notes. The rule's advisory committee notes further "instruct that argumentative objections, suggestive objections, and directions to a deponent not to answer, improperly disrupt, prolong, and frustrate deposition testimony." *Jones Day*, 800 F.3d at 942 (citing to Fed.R.Civ.P. 30(d)(2) advisory committee

notes (1993 amendments)). The Court finds that Mr. Lynch's actions described above in Sections A(1) and A(2) improperly impeded and frustrated the examination of Medline's corporate representatives during the Rule 30(b)(6) deposition.

Under Rule 30(d)(2), this Court has the discretion to impose an appropriate sanction on Medline on account of the improper conduct during the Rule 30(b)(6) deposition. *See, e.g., Jones Day*, 800 F.3d at 941; *Jokich*, 2020 WL 2098060, at *3; *Medline*, 2009 WL 3242299, at *4. This Court finds that an award to Wypetech of its reasonable attorney's fees and expenses that it has incurred in connection with this motion and that it will incur in completing Medline's Rule 30(b)(6) deposition will be an appropriate sanction under the circumstances here. *Jokich*, 2020 WL 2098060, at *3 (awarding such a sanction); *Medline*, 2009 WL 3242299, at *4 (same); *Claypole v. City of Monterey*, No. 14-CV-02730-BLF, 2016 WL 145557, at *4-5 (N.D.Cal. Jan. 12, 2016) (same). Wypetech shall meet and confer with Medline after the conclusion of the Rule 30(b)(6) deposition to attempt to reach agreement as to the attorney's fees and costs that it is entitled to recover from Medline by virtue of this order. If the parties cannot reach agreement, Wyptech shall file a petition to recover the attorney's fees and costs it seeks to recover that is supported by a declaration and appropriate documentation no later than twenty-one days after the conclusion of the Rule 30(b)(6) declaration. Medline will be permitted leave to respond to Wypetech's petition within fourteen days after it is filed.

In addition, the parties are ordered to meet and confer to select a mutually convenient date for the resumption of Medline's Rule 30(b)(6) deposition so that the deposition can be completed prior to November 12 when Wypetech is currently due to file its brief in opposition to Medline's motion for a preliminary injunction.[5] Medline is ordered to produce a witness who is

---

[5] Should it prove to be impracticable to complete the Rule 30(b)(6) deposition within this time frame, this Court will adjust the filing dates for Wypetech's response and Medline's reply.

prepared to answer all questions to which an instruction not to answer was interposed as well as reasonably related follow up questions. Medline's witnesses will be required to answer questions regarding any deposition preparation that they have undertaken since the first session of the deposition concluded. The witnesses will be required to disclose whether they have had conversations with counsel though Medline can – if appropriate – object on attorney-client privilege grounds to the disclosure of the content of these conversations.[6]

This Court declines to bar Mr. Lynch from representing Medline's corporate representatives during the next session of the Rule 30(b)(6) deposition. This Court is confident that the conduct discussed above will not recur. Moreover, Mr. Lynch is fully aware of the proper manner of asserting form objections in a deposition (*see* Dckt. #130-3 at 15, 57, 62) and the Court trusts that he will refrain from making the lengthy speaking objections of which Wypetech complains. (*See, e.g.,* Dckt. #130-3 at 78, 81); *Vnuk*, 2016 WL 907714, at *5 (condemning "long speaking objections" that were designed to influence the witness's testimony); *Cordova*, 2006 WL 4109659, at *3 (same). To be clear, all counsel are admonished to comply with Rule 30(c)(2), which provides that "objection[s] must be stated concisely in a nonargumentative and nonsuggestive manner."

**B.** **Wypetech's renewed motion to compel and for sanctions for failure to comply with court orders regarding Rule 30(b)(6) topic no. 15 statement**

The parties agree that topic number 15 (the "Topic") in the Rule 30(b)(6) deposition notice that Wypetech served on Medline calls for a witness to provide:

---

[6] The Court notes that although "[t]he attorney-client privilege has long been held to protect corporate clients and counsel," *RBS Citizens, N.A. v. Husain,* 291 F.R.D. 209, 217 (N.D.Ill. 2013),"[n]ot all communications between the attorney and the client are privileged." *Id.,* at 216; *see also EEOC v. BDO USA, L.L.P.,* 876 F.3d 690, 696 (5th Cir. 2017) ("[t]here is no presumption that a company's communications with counsel are privileged."). The attorney client-privilege applies only "where legal advice of any kind is sought" and a number of other conditions are satisfied. *See United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997).

A current statement of Medline's unfilled orders for disinfectant wipes from its customers, individually and collectively, and a current statement of Medline's unfilled orders for disinfectant wipes that Medline alleges it is entitled to purchase from Wypetech.

In lieu of having Medline produce a corporate representative to address the Topic during Medline's Rule 30(b)(6) deposition, the Court, on September 1, 2020, ordered Medline to produce a written statement that provided the information sought by the Topic. (Dckt. #72). Wypetech found that the chart produced by Medline was not clear and did not appear to provide all of the information called for by the Topic, and it filed an emergency motion to compel Medline to produce an understandable document that fully responded to the Topic and to strip the attorneys' eyes only ("AEO") designation from the revised chart. On October 1, 2020, this Court granted Wypetech's motion in part by ordering Medline to produce by October 2 at 9:00 a.m. an updated and clearly understandable chart that identified the amount of unfilled orders that Medline contends that it is entitled to purchase from Wypetech. (Dckt. #122). The Court did allow Medline to maintain the AEO designation over the revised chart.

Medline believed that its current chart was in compliance with this Court's October 1 order and it did not produce anything further on October 2. (Dckt. #147 at 3). Wypetech did not agree, and it filed its renewed motion to compel on October 6. The briefing on this motion makes it plain that the parties had a different understanding of what the Topic called for until October 5, 2020. Wypetech's understanding (shared by the Court) is that the Topic called for Medline to produce two sets of data: (1) a current statement of Medline's unfilled orders for wipes from its customers, individually and collectively; and (2) a current statement of unfilled wipes that Medline alleges that it was entitled to purchase from Wypetech. (Dckt. #123 at 1-2). If Wypetech was Medline's only supplier of wipes or if Wypetech was the supplier for all of Medline's unfilled wipe orders, the two sets of data would be the same. However, if Medline

11

had more than one supplier for its unfilled wipe orders, the second set of data would be a subset of the first.

By contrast, until October 5, Medline understood the Topic as calling for data on Medline's currently unfilled customer wipe orders that it believed that Wypetech should supply. (Dckt. #147 at 1). Once Medline became aware of Wypetech's understanding of the Topic, it produced a second chart that provided the additional information regarding its unfilled orders from all suppliers. Medline explains that the Court's October 1 order (which explicitly referenced the unfilled orders that Medline contends it was entitled to purchase from Wypetech) reinforced its initial understanding of the Topic. (Dckt. #147 at 2-3). Medline further explains that its differing understanding of the Topic was in good faith – and not a deliberate effort to ignore or disobey this Court's orders – because the complete set of data covered by the Topic actually supports its litigation position in this lawsuit. (Dckt. #147 at 3-4). In particular, evidence of Medline's unfilled orders from all possible suppliers shows that it tried – but failed – to successfully cover for Wypetech's alleged breach of contract and Medline intends to offer both of its charts in support of its motion for a preliminary injunction. (Dckt. #147 at 4-5).

Notwithstanding Wypetech's challenge to the credibility of Medline's explanations for its conduct (Dckt. #153 at 4-5), the Court will give Medline the benefit of the doubt and finds that Medline's mistaken understanding of the Topic was in good faith. Accordingly, the Court does not find that Medline willfully defied its orders and no sanctions are appropriate. However, because Wypetech has persuasively argued that the charts are not clear and may not be complete on their face, the Court will order Medline to produce a witness at the upcoming session of Medline's Rule 30(b)(6) deposition who is prepared to answer Wypetech's remaining questions (*see* Dckt. #153 at 6-7) about the documents identified in Medline's response as the "Original

Topic 15 Chart" and the "Updated Topic 15 Chart" and respond to reasonably related follow-up questions.

### C.     Medline's motion to require an immediate scheduling of the renewed Rule 30(b)(6) deposition

Medline has moved to have this Court issue an order requiring that the upcoming session of its Rule 30(b)(6) deposition take place by October 30 so that the deposition can be completed before Medline files its supplement to its motion for a preliminary injunction on November 2. This motion is denied.  The Court has already specified how the scheduling of the remainder of the Rule 30(b)(6) deposition should be handled, *supra* at Section A(3), and Medline has provided no reason  why the deposition needs to be completed before it files its supplemental brief.  The Rule 30(b)(6) deposition is designed to probe Medline's corporate knowledge about topics pertinent to this case.  Medline already knows what it knows and the Rule 30(b)(6) deposition will not reveal anything new – at least as far as Medline is concerned.

### CONCLUSION

For the reasons stated above, defendant Wypetech, LLC's motion for sanctions and to compel answers to Rule 30(b)(6) deposition questions and request for expedited briefing (Dckt. #130) is granted.  Wypetech's renewed motion to compel and for sanctions for failure to comply with court orders regarding Rule 30(b)(6) topic no. 15 statement (Dckt. #123) is granted in part and denied in part.  Finally, plaintiff Medline Industries, Inc.'s motion to require immediate scheduling of renewed Rule 30(b)(6) deposition (Dckt. #190) is denied.


**ENTERED:**  October 29, 2020

Jeffrey I. Cummings
United States Magistrate Judge

13